IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JAMES ALAN OLMSTEAD, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § CIVIL ACTION NO. 5:20-CV-047-H-BQ |
| v. | § |
| | § |
| LARRY A. WRIGHT, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se, Plaintiffs James Alan Olmstead, Adam S. Rivera, and Crystal L. Castillo bring this action alleging "civil conspiracy" against Defendants Larry A. Wright, Jim Edwards, and Taylor Edwards. Compl. 3–4, ECF No. 1. Plaintiffs filed their Complaint on February 27, 2020, seeking punitive and compensatory damages arising from the alleged "stealing" of real and personal property by Defendants. *Id.* at 4–5.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. After reviewing the Complaint, as well orders issued in related Case No. 5:19-cv-00203-H-BR (N.D. Tex. 2019), the undersigned finds that this case should be dismissed without prejudice for lack of subject matter jurisdiction.

## I. Background

### A. Plaintiffs' Complaint

Plaintiffs herein are identified as James Alan Olmstead, Adam S. Rivera, and Crystal L. Castillo. Compl. 3. Olmstead claims to be the "fiduciary trustee of an unincorporated Texas trust named 'Rivera Trust,'" while Rivera and Castillo are "beneficiaries" of said trust. *Id.* Plaintiffs claim they are all inhabitants of Littlefield, Texas, reside at the same address, and have the same

phone number and email address. *Id.* Defendants are Larry A. Wright, Jim Edwards, and Taylor Edwards. *Id.* According to the Complaint Larry Wright and Taylor Edwards both maintain addresses in Texas, while Jim Edwards lives in Arkansas. *Id.*

The Complaint's allegations state a purported claim for "Civil Conspiracy," asserting that Defendants "conspired to use one or more State of Texas agencies for the unlawful purpose of stealing real and personal properties altogether valued in excess of seventy-five thousand dollars ($75,000)." *Id.* at 4. Specifically, Plaintiffs claim that Defendant Larry Wright "conspired with family members to sell Plaintiff Rivera a residential real property that Wright did not own, and then falsified State of Texas public records for the purposes of stealing title to that property." *Id.* Plaintiffs further assert that "Defendant Wright directed family members to physically break into the residence, steal or destroy all personal property within the residence, and cha[n]ge locks on all doors and windows so that Plaintiffs Rivera and Castillo could not return to their home." *Id.* In support of their claim, Plaintiffs assert that Defendants had a "meeting of the minds," which is demonstrated "by written contract and by records filed with various State of Texas agencies," and that Defendants "created, executed and/or filed multiple fraudulent documents, performed strong-arm eviction of Plaintiffs from their premises, changed locks on all windows and doors and stole all personal property found within Plaintiffs' premises." *Id.*

Plaintiffs assert that this Court has subject matter jurisdiction in the form of both federal question and diversity. *Id.* at 2 (citing 28 U.S.C. §§ 1331, 1332). Plaintiffs also cite to 18 U.S.C. § 1341 and the Fifth Amendment. *Id.* Finally, Plaintiffs state that the Court should exercise supplemental jurisdiction, citing "Texas Penal Code Title 7, Ch. 31" and "Texas Civil Practice and Remedies Code Title 6, Chapter 134." *Id.*

### B. Procedural Background

On February 27, 2020, Plaintiffs filed their Complaint, which they have labeled "Complaint: Civil Conspiracy." *Id.* at 1. That same day, the Clerk issued summonses as to all three Defendants. ECF No. 4. On March 11, 2020, Plaintiffs filed proofs of service as to Defendants Larry Wright and Taylor Edwards. ECF Nos. 5, 6. On March 25, 2020, Defendant Larry Wright filed a document titled "Defendant's Special Appearance Challenging Personal and Subject Matter Jurisdiction and Motion to Dismiss for Improper Service."[1] ECF No. 7. In it, Defendant Wright generally claims that the Court lacks subject matter jurisdiction because the parties are not diverse and the Complaint raises no federal question. *Id.* at 2. Further, Defendant Wright claims, for reasons this Court need not detail in addressing the sufficiency of Plaintiffs' Complaint, that Plaintiffs have not properly served him with process and that a Texas state court previously dismissed an identical action brought by Plaintiffs. *Id.*

Plaintiffs filed a response to Defendant Wright's Answer and Motion. ECF No. 9. The bulk of Plaintiffs' response concerns adequacy of service, but it begins by asserting that the Court has both personal and subject matter jurisdiction over the Defendants and this action. *Id.* at 2. With respect to subject matter jurisdiction, Plaintiffs merely state conclusorily that they "asserted both federal question and diversity of residences as grounds for this Court's subject matter jurisdiction, either one of which, but especially diversity, is sufficient in law" for this Court to consider their claims. *Id.*

---

[1] To the extent Defendant Wright seeks to file a motion to dismiss, his briefing is wholly inadequate under Northern District of Texas Local Rule 7.1(d), as the motion merely sets forth Defendant Wright's positions but provides no legal argument or authority supporting those positions. *See* N.D. Tex. Local R. 7.1(d) ("A response to an opposed motion must be accompanied by a brief that sets forth the responding party's contentions of fact and/or law, and argument and authorities."). Nevertheless, these deficiencies do not alter the Court's analysis herein.

### C. Olmstead's Sanctions

On March 9, 2020, United States Magistrate Judge Lee Ann Reno entered findings, conclusions, and recommendations in a separate action concerning, among other things, the litigation behavior of Plaintiff Alan Olmstead. *Olmstead v. Hoppe*, No. 5:19-CV-00203-H-BR, ECF No. 68 (N.D. Tex. Mar. 9, 2020). Over the course of eleven pages, Judge Reno described numerous threatening, harassing, and abusive actions taken by Olmstead in that and other cases. *Id.* at 13–24. These included, but certainly were not limited to, threats and ad hominem attacks directed at judges, opposing counsel, and opposing parties. *Id.* Judge Reno concluded that "[o]nly imposing a pre-filing injunction will deter [Olmstead] from filing additional harassing lawsuits," noting that Texas state courts have declared Olmstead a vexatious litigant and that this Court has warned Olmstead it would declare him the same if he continued to file harassing lawsuits. *Id.* at 15. On March 27, 2020, United States District Judge James Wesley Hendrix entered an order accepting Judge Reno's findings, conclusions, and recommendations, and barred Olmstead "from initiating future litigation in federal court unless he first complies with the requirements set out" in the order. *Olmstead v. Hoppe*, No. 5:19-CV-00203-H-BR, 2020 WL 1482324, at *6 (N.D. Tex. Mar. 27, 2020). Judge Hendrix later imposed additional sanctions on Olmstead prohibiting further filings by him, absent leave of court, in any case closed pursuant to a sanction order. No. 5:19-CV-00203-H-BR, ECF No. 86 (N.D. Tex. Apr. 1, 2020).

### II. Applicable Law

The United States Constitution provides federal courts with original jurisdiction to hear only limited types of cases and controversies. *See* U.S. CONST. art. III, § 2. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider," and that power extends to determining "when, and under what conditions, federal courts can hear them."

*Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). Federal courts "cannot act without authority from Congress or the Constitution." *La. Real Estate Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 394 (5th Cir. 2019) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.").

Because federal courts "are courts of limited jurisdiction," they "lack the power to adjudicate claims" absent jurisdiction conferred by statute. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Federal courts have a non-discretionary obligation to question their own jurisdiction to preside over a claim. *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019). By invoking the court's jurisdiction, the "parties must make clear, distinct, and precise affirmative jurisdictional allegations in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotation marks omitted). Where it appears that jurisdiction is lacking, "[i]t is incumbent on all federal courts to dismiss" the action. *Texas v. Travis Cty.*, 910 F.3d 809, 811 (5th Cir. 2018) (quoting *Stockman*, 138 F.3d at 151); *see also* Fed. R. Civ. P. 12(h)(3) (stating that a court must dismiss action if it "determines at any time that it lacks subject-matter jurisdiction").

The burden of establishing jurisdiction lies with the party seeking to invoke the federal forum, and a court "must presume" the suit lies outside its limited grant of jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

In determining whether jurisdiction exists, the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Where the court accepts as true a plaintiff's allegations in evaluating its jurisdiction, and does not consider evidentiary materials outside the pleading, this constitutes a facial review for purposes of determining subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (explaining that under facial, as opposed to factual, analysis, the court accepts as true the complaint's allegations to determine whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction").

### III.   Discussion

**A. The District Court should dismiss Plaintiffs' Complaint without prejudice because the Court lacks subject matter jurisdiction over their claim.**

Plaintiffs claim this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332, which respectively grant federal courts jurisdiction over cases (1) raising federal questions or (2) involving disputes between citizens of diverse states. Federal question jurisdiction exists where the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even where claims purportedly arise under federal law, a court nonetheless lacks subject matter jurisdiction where the claim "is so 'completely devoid of merit as not to involve a federal controversy.'" *Fermin v. Priest of St. Mary – Marfa, Tex.*, 775 F. App'x 162, 163 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). On the other hand, § 1332 permits federal courts to hear cases "between citizens of different States" so long as "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media*, 929 F.3d at 313 (internal quotation marks omitted). "That means all persons on one side

of the controversy must be citizens of different states than all persons on the other side." *Id.* (internal brackets and quotation marks omitted).

Plaintiffs' Complaint fails to allege or demonstrate complete diversity amongst the parties. The Complaint's caption simply lists Olmstead, Rivera, and Castillo as plaintiffs in apparent individual capacities, with no mention of a trust, trustee, or beneficiary. Compl. 1. In the body of the Complaint, however, Olmstead claims to be the "fiduciary trustee of an unincorporated Texas trust named 'Rivera Trust,'" while Rivera and Castillo are identified as "beneficiaries" of said trust. *Id.* at 3. The Complaint contains no further allegations, either factual or legal, describing the capacity in which Plaintiffs: (1) bring the action; or (2) allegedly purchased real property from the Defendants. Plaintiffs do claim, however, that they are all inhabitants of Littlefield, Texas, and reside in Littlefield at the same address. Plaintiff's remaining allegations as to Defendants' status present unnecessary ambiguity as to their citizenship for purposes of determining diversity jurisdiction, but it is a riddle the Court need not solve in concluding that complete diversity does not exist between the parties.

Whatever construction the Court applies to Plaintiffs' allegations in evaluating whether diversity subject matter jurisdiction exists, the answer under any scenario is undeniably "no." Under § 1332, "citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media*, 929 F.3d at 313 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). This Court possesses no diversity jurisdiction over claims pursued by Plaintiffs in their individual capacities because they are citizens of Texas—they all reside in Littlefield, and residency is prima facia evidence of citizenship.[2] *See id.* Plaintiffs plead no facts demonstrating *all* Defendants' residency or citizenship in a state other than Texas, and instead maintain that at

---

[2] Plaintiffs plead no facts to indicate they are citizens of any state other than Texas. Compl. 3.

least two Defendants have "address[es] of record" in Texas.³ *Id.* Plaintiffs' failure to specifically allege facts demonstrating Defendants' residency or citizenship sufficient to establish complete diversity "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (vacating preliminary injunction because plaintiff did not specifically plead both possible citizenships of defendant corporation); *see Suter v. Denton*, Case No. 3:18-CV-01988-N, 2019 WL 5887290, at *4 (N.D. Tex. July 16, 2019), *R. & R. adopted by* 2019 WL 3819210 (N.D. Tex. Aug. 14, 2019) (recommending dismissal of pro se plaintiff's complaint for lack of diversity jurisdiction where plaintiff alleged his citizenship but made "no allegation whatsoever regarding the citizenship of any individual Defendant"); *Deliverance Poker, LLC v. Tiltware, LLC*, 771 F. Supp. 2d 658, 661 (W.D. Tex. 2011) (dismissing claims against defendant LLC because plaintiff did not "specifically allege each party's citizenship").

Considering Plaintiffs' claims in the context of a trust and trustee/beneficiary relationship requires no different result. Depending on context, i.e., whether a trust exists as an unincorporated association or as a "traditional trust," citizenship for diversity purposes can turn on either the citizenship of the beneficiaries or the trustee. *See Moore v. Ameriquest Mortg. Co.*, Civil Action No. 4:16-CV-00380, 2016 WL 6159377, at *2 (E.D. Tex. Oct. 24, 2016) (examining Supreme Court's analysis of the issue in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). The Court need not resolve that question here in concluding that complete diversity does not exist under either construction. Olmstead, as the purported trustee, and Rivera and Castillo, as reputed beneficiaries, are still citizens of Texas. And because Plaintiffs fail to establish

---

³ Plaintiffs' Complaint also alleges that "Defendants . . . all reside within Lamb County, Texas, or caused wrongful acts to be performed there . . . ." Compl. 2. In addition, Plaintiffs' response to Defendant Larry Wright's Answer and Motion states: "As Plaintiffs have repeatedly written to Defendant Wright's defense counsel . . . Mr. Wright has conducted business in this community in good order over many decades . . . ." ECF No. 9, at 3. Plaintiffs' statement concerning their claim against Defendant Wright does not contradict a finding that Defendant Wright is a citizen of Texas, and certainly provides no basis for concluding he is a citizen of a state other than Texas.

every Defendants' citizenship in a state other than Texas, the Court cannot exercise diversity jurisdiction herein. Thus, on the face of Plaintiffs' liberally construed Complaint, the Court lacks subject matter jurisdiction based on diversity.

The question that remains is whether the Court possesses federal question jurisdiction. Plaintiffs' Complaint generically alleges that Defendants have engaged in a "civil conspiracy," claiming that Defendants "conspired to use one or more State of Texas agencies for the unlawful purpose of stealing real and personal properties altogether valued in excess of seventy-five thousand dollars ($75,000)." Compl. 4. The only concrete facts alleged in Plaintiffs' Complaint assert that Defendant Larry Wright "conspired with family members to sell Plaintiff Rivera a residential real property that Wright did not own, and then falsified State of Texas public records for the purposes of stealing title to that property," and that "Defendant Wright directed family members to physically break into the residence, steal or destroy all personal property within the residence, and cha[n]ge locks on all doors and windows so that Plaintiffs Rivera and Castillo could not return to their home." *Id.*

Other than a generic reference to the Fifth Amendment and 18 U.S.C. § 1341 earlier in their Complaint (*id.* at 2), Plaintiffs cite no federal source conferring federal question jurisdiction upon this Court for such claims.[4] Plaintiffs' Complaint allege no facts even hinting at a viable claim arising under either provision. Mere citation to a constitutional amendment or federal statute will not raise a federal question because the *claim* must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Judge Reno noted in *Olmstead v. Hoppe*, "A citation to the law does not indicate how the complaint properly pleads facts to support" a claim arising under federal law. No. 5:19-cv-00203-H-BR, ECF No. 68, at 29 (recommending dismissal

---

[4] Bare references to state penal and civil codes provide no basis for creating federal question jurisdiction.

of Olmstead's third-amended complaint because his complaint sought to assert subject matter jurisdiction based on the defendants' alleged criminal behavior and a generalized notion of "civil conspiracy"), *R. & R. adopted by* ECF No. 79; *see also Boone v. Wilson*, Civil Action No. 3:18-CV-2072-D, 2018 WL 9988322, at *1 (N.D. Tex. Aug. 27, 2018) (dismissing for lack of jurisdiction where plaintiff did not plead factual allegations supporting federal question jurisdiction—plaintiff simply checked boxes on civil cover sheet and failed to plead a cause of action under any marked category); *Kahclamat v. Nash*, No. 3:18-cv-464-G-BN, 2018 WL 1515126, at *2 (N.D. Tex. Mar. 6, 2018), *R. & R. adopted by* 2018 WL 1513655 (N.D. Tex. Mar. 27, 2018) ("[T]he mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction.").

In addition, § 1341 is a *criminal* statute, and it is well established that private parties "may not enforce criminal statutes through a civil action" (*Mass v. McDonald's Corp.*, No. Civ.A.3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004)), nor may they "initiate a criminal prosecution in [their] own name in a civil proceeding." *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999); *see also United States v. Claflin*, 97 U.S. 546, 546 (1878) (noting that an act contemplating a criminal proceeding could not be used to bring a civil action on debt); *Kahclamat*, 2018 WL 1515126, at *2 (observing that federal criminal statutes do not provide a basis for federal question jurisdiction). There is, therefore, no federal question raised on the face of Plaintiffs' Complaint.[5]

---

[5] Of equal importance is the fact that Plaintiffs' claims arise from a disputed real estate transaction. Where the "gravamen of [such a] suit is an alleged conspiracy to defraud . . . contractual rights" (including parties to a real estate contract), "[t]he right to recover on these allegations is governed by the state law which creates the action, not federal law." *Cabana Mgt., Inc. v. Hyatt Corp.*, 441 F.2d 862, 864 (5th Cir. 1971) (affirming dismissal for lack of federal question jurisdiction where defendants allegedly "planned and conspired" to acquire real property for amount substantially less than market value).

Because no basis exists for exercising either diversity or federal question jurisdiction, the District Court should dismiss Plaintiffs' Complaint without prejudice. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.").

**B. The District Court should also dismiss any claim brought on behalf of the "Rivera Trust" by its purported trustee and beneficiaries because a trust must be represented by a licensed attorney.**

As noted above, Olmstead purports to bring this action as "fiduciary trustee" on behalf of the Rivera Trust—he cannot do so. While federal law allows parties to "plead and conduct their own cases personally or by counsel" (28 U.S.C. § 1654), "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Martin v. Revere Smelting & Ref. Corp.*, No. 3:03–CV–2589–D, 2004 WL 852354, at *1 (N.D. Tex. Apr. 16, 2004) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)), *R. & R. adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004). Fictional entities, like corporations, must be represented by licensed legal counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). The same holds true for trusts. *Dillard Fam. Tr. v. Chase Home Fin., LLC*, Civil Action No. 3:11-CV-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) ("In an Article III court, a non-attorney trustee may not represent a trust *pro se*.").

Olmstead does not claim to be a licensed attorney and the Court finds no evidence of same. As such, the undersigned recommends that the District Court dismiss without prejudice the Complaint, as its substantive allegations attempt to state a claim on behalf of an artificial entity (the Rivera Trust) without the benefit of licensed counsel. *See Wethy v. Barrett, Daffin, Frappier, Turner & Engle LLP*, No. 3:13-CV-2547-N (BH), 2013 WL 4436179, at *2 (N.D. Tex. Aug. 19,

2013) (collecting cases and dismissing purported pro se trustee's claims on behalf of trust because he was not a licensed attorney).[6]

## IV. Recommendation

For these reasons, the undersigned recommends that the United States District Court dismiss without prejudice Plaintiffs' Complaint due to a lack of subject matter jurisdiction. Alternatively, the United States District Court should dismiss the action because it is brought on behalf of a trust that is not represented by licensed counsel.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[6] In view of this Court's recent orders substantially restricting and/or limiting Olmstead's ability to initiate future litigation on his behalf, the Court takes note of Olmstead's filings where he purports to act as a pro se representative or even "attorney" on behalf of others. For example, Plaintiffs' response to Defendant Wright's Answer and Motion contains a Certificate of Service where Olmstead refers to himself as "Trustee, Plaintiff in *pro se for himself and as recorded attorney-in-fact for beneficiaries Adam Rivera and Crystal Castillo*." ECF No. 9, at 4. As set forth above, Olmstead cannot represent anyone pro se, other than himself, and he runs the risk of engaging in the unauthorized practice of law should he continue to do so.

Dated: May 15, 2020.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE